The order below is hereby signed.

Signed: September 29 2014



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANTONETTE YVONNE JEFFERSON, | ) | Case No. 14-00565 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR WAIVER OF THE
PREPETITION CREDIT COUNSELING REQUIREMENT BASED UPON EXIGENT
CIRCUMSTANCES AND TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED

The debtor has filed an application for waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) due to exigent circumstances.  In support of her request, the debtor explains that she attended a bankruptcy seminar held at the United States Bankruptcy Court, that she engaged in "self-study" concerning credit counseling, and that she conducted a budget analysis, apparently on her own.  For reasons explained in more detail below, the court will deny the debtor's request for a waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h).

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing

that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period ending on the date of filing of the individual's petition.  11 U.S.C. § 109(h)(1).  Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the debtor's certification is satisfactory to the court.

This limited extension is available only to debtors who attempt to obtain credit counseling shortly before the petition date, who face some obstacle in obtaining that counseling, and who, due to emergency circumstances, must file their petition before the requested counseling can be completed.[1]  The debtor here has not identified any exigent circumstance that prevented

---

[1] The court notes that the Bankruptcy Code allows only for a temporary waiver of the requirement, not a permanent waiver, as requested by the debtor.  Although some debtors are entitled to an exemption due to incapacity, disability, or active military duty in a combat zone, the debtor here has not alleged that she is eligible for such an exemption.

her from obtaining the counseling prior to filing her petition and she has not identified any attempt to obtain credit counseling prior to filing the petition.[2]  Although the debtor may have educated herself with respect to credit counseling, that does not constitute a valid basis for granting a waiver of the statutory requirement that she obtain prepetition credit counseling from an approved nonprofit budget and credit counseling agency described in section 111 (a).  The court finds that the debtor is not eligible for a temporary waiver under 11 U.S.C. § 109(h)(3)(A), and it is

ORDERED that the debtor's application for a temporary waiver of the prepetition credit counseling requirement under 11 U.S.C. § 109(h)(3)(A) is DENIED.  It is further

ORDERED that within 7 days after entry of this order, the debtor shall either file a valid prepetition credit counseling certificate or show cause, by a writing filed with the court, why this case ought not be dismissed based upon her ineligibility to be a debtor under 11 U.S.C. § 109(h).

[Signed and dated above.]


Copies to: Debtor; recipients of e-notifications of filings.

---

[2]  A seminar held at the United States Bankruptcy Court does not constitute a briefing by "an approved nonprofit budget and credit counseling agency described in section 111(a)," and thus cannot be used to satisfy the prepetition credit counseling requirement of 11 U.S.C. § 109(h).