FILED
AUG 11 2016
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLUMBIA

In re                              )
    ANTONETTE YVONNE JEFFERSON,    )    Case No.: 14-00565
         Debtor.                   )
                                   )

MOTION TO REOPEN BANKRUPTCY CASE 14-00565 OUT OF TIME

**COME NOW** I, Antonette Jefferson, by and through self as undersigned counsel and respectfully request the court reopen bankruptcy case 14-00565 out of time[1] pursuant to F.R.C.P. 6(b)[2]

---

[1] In the alternative, I respectfully move this court to find that this Motion is filed timely. I state in support that I filed the Motion to Vacate Dismissal three months before a year's time regarding the original order of dismissal which is timely within the meaning of rule 9006(b) and 6(b) and 60(b)(6). Consistent with the same, the filing of this Motion to Reopen may be considered timely if considered filed one year from October 10, 2015. To be clear, I possessed one year to reasonably file a Motion to Vacate Dismissal and instead filed within eight (8) months or or about June 2015. If I had filed at the year mark, October 10, 2015, my filing on today, August 11, 2016 would have been within the year's time: October 10, 2015. I contend that it would be prejudicial to be penalized for my timely and early filing of the Motion to Vacate in June 2015 and now filing a Motion to Reopen on today, August 11, 2016. Two bankruptcies (for which the first was dismissed without discharge of any debt) in two year's time will have an adverse impact on my ability not only to borrow but also to purchase. I have noticed one bankruptcy over a thirty-four year time period has had an impact, much less a second bankruptcy newly captioned and titled. That the first bankruptcy appears on my credit report though not ending in a discharge has the adverse impact of giving notice of bankruptcy to potential creditors and others without the benefit of disposing any debt. I state that this factor weighs in favor of reopening the existing bankruptcy case rather than filing a new bankruptcy case in an excusable neglect analysis. The basis of which is prejudice to the debtor. See footnote 9 for factors. Further, I am currently in payment arrangements with my creditors and have been making payments over the year since the initial bankruptcy as frequently as possible given the nature of events. See footnote 8.

[2] (b) Extending Time.(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or

or 60(b)(6).[3] See <u>Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership et al.</u>, 507 U.S. 380, 393-394 (1993) (citing extraordinary circumstances stating the following:

> To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay…If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable. In Klapprott, for example, the petitioner had been effectively prevented from taking a *timely appeal of a judgment by incarceration, ill health, and other factors beyond his reasonable control*(*my emphasis*). Four years after a default judgment had been entered against him, he sought to reopen the matter under Rule 60(b) and was permitted to do so.).

---

without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

[3](b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In the alternative, I seek relief pursuant to F.R.B.P. 9006(b)(excusable neglect).[4] See id.[5](citing to favorable opinion whereby the court stated:

> As explained by Justice Black: "It is contended that the one-year limitation [of subsection (1)] bars petitioner on the premise that the petition to set aside the judgment showed, at most, nothing but `excusable neglect.' And of course, the one-year

---

[4] (b) Enlargement.(1) *In General*. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

[5] The same is true of Rule 60(b)(1), which permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment. Rule 60(b)(6) goes further, however, and empowers the court to reopen a judgment even after one year has passed for "any other reason justifying relief from the operation of the judgment." These provisions are mutually exclusive, and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6) Liljeberg v. Health Services Acquisition Corp, 486 U. S. 847, 863, and n. 11 (1988). To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. See ibid.; Ackermann v. United States, 340 U. S. 193, 197-200 (1950); Klapprott v. United States, 335 U. S. 601, 613-614 (1949).As explained by Justice Black: Thus, at least for purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. Because of the language and structure of Rule 60(b), a party's failure to file on time for reasons beyond his or her control is not considered to constitute "neglect." SeeKlapprott, supra.[11] This latter result, however, would not obtain under Bankruptcy Rule 9006(b)(1). Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find "excusable neglect." At the same time, reading Rule 9006(b)(1) inflexibly to exclude every instance of an inadvertent or negligent omission would ignore the most natural meaning of the word "neglect" and would be at odds with the accepted meaning of that word in analogous contexts.[12]

> limitation would control if no more than `neglect' was disclosed by the petition. In that event the petitioner could not avail himself of the broad `any other reason' clause of 60(b). But petitioner's allegations set up an extraordinary situation which cannot fairly or logically be classified as mere `neglect' on his part. The undenied facts set out in the petition reveal far more than a failure to defend . . . due to inadvertence, indifference, or careless disregard of consequences." *Id.,* at 613."[6]

In support thereof, I state that on or about July 13, 2015 this court denied the motion I filed to Vacate Dismissal for the same bankruptcy case dismissed on October 10, 2014. See In re Jefferson, B.R. 14-00565 (D.C. 2014). In the court's initial order dismissing the bankruptcy on or about October 10, 2014, the court stated that I was ineligible to be a debtor. Consistent with the Voluntary Bankruptcy Petition and in support thereof, I state that I currently possess in excess of $500,000 in student loans[7] and in excess of $70,000 in consumer debt with a modest income.

Consistent with the Federal Rules of Civil Procedure 60(b)(6), I also state that the delay in filing the instant

---

[6] Justice Frankfurter, although dissenting on other grounds, agreed that Klapprott's allegations of *inability* to comply with earlier deadlines took his case outside the scope of "excusable neglect" "because `neglect' in the context of its subject matter carries the idea of negligence and not merely of non-action." *Id.,* at 630.

[7] I earned four degrees (Bachelor of Arts in English, 2004; Master in Arts in Communication, 2006; Masters, Social Work, 2009; *Juris Doctor* 2013 with degree conferral in 2014).

matter resulted from extraordinary circumstances to include incarceration and compromised health.  In the alternative, I request the court apply an excusable neglect analysis per F.R.B.P. 9006(b) and F.R.C.P. 6(b) and thereby find that the circumstances set forth are within the scope of reasonable conduct. See footnote 8.

Further, I seek a waiver of fees to reopen case 14-00565 consistent with 11 U.S.C. § 362(c)(3) until September 3, 2016. See In re Jefferson, B.R. 14-00565 (D.C. 2014)(I, debtor, being granted in forma pauperis status). On September 3, 2016, I intend to make payments per installment to pay for the instant Chapter 7 Bankruptcy.

In compliance with this court's order, I request the court apply the F.R.B.P. 9006(b) analysis to the non-application of the stay. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership et al., 507 U.S. 380, 393-394 (1993) (These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.). I did not seek a stay stated by this court on July 13, 2015 for the

---

[8] I was incarcerated in Alexandria City Jail and on court-ordered stay at Staunton, Va's Western State for competency to stand trial from December 09, 2014 to May 4, 2015 (exited through medical standard court hearing). I was again incarcerated from May 25, 2016 to July 18, 2016 in DC Jail Correctional Treatment Facility and St. Elizabeth's Hospital on a court-ordered stay for competency to stand trial (found competent, July 18, 2016)

same reasons set forth above.[9] See In re Jefferson, B.R. 14-00565 (D.C. 2014). I state that the requirements for the court coincided with post-release obligations with court-ordered and health related confinement and hospital stays which had an impact on my meeting deadlines. Notwithstanding this fact, I acted with all due regard for the court.

**WHEREFORE**, I pray the court find I am in compliance with all requirements. I further respectfully request the court reopen the above-referenced matter.

Respectfully,

_____
Antonette Jefferson
P.O. Box 9770
Washington, D.C. 20016
(202) 253-0797
antonettejeffersonlaw@gmail.com
Non-mailing address:
4501 Connecticut Avenue, NW
#1107
Washington, DC 20008

---

[9] The court ordered that I seek a stay of the case on or about July 13, 2016. Though I did not seek a stay, I respectfully request that court apply the excusable neglect analysis to said matter on the same grounds as stated in footnote 8. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership et al., 507 U.S. 380 (1993)(This leaves, of course, the Rule's requirement that the party's neglect...be "excusable." It is this requirement that we believe will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1). With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.