The document below is hereby signed.

Signed: August 14, 2016



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
ANTONETTE YVONNE JEFFERSON,     )     Case No. 14-00565
                               )     (Chapter 7)
            Debtor.            )     Not for publication in
                               )     West's Bankruptcy Reporter.

## MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN

The court dismissed this case on October 10, 2014, and the case was closed on October 28, 2014.  On August 11, 2016, the debtor filed a motion to reopen this bankruptcy case.  The motion to reopen does not state what relief the debtor will pursue in the case if it is reopened, but presumably she would seek to undo the dismissal of the case.  The motion to reopen will be denied.

I

On June 1, 2015, the debtor filed a motion (Dkt. No. 24) seeking to reopen the case and to vacate the dismissal.  The court denied that motion by an order entered on July 13, 2015, explaining:

Rule 60 of the Federal Rules of Civil Procedure, made applicable to these proceedings under Federal Rule of Bankruptcy Procedure 9024, requires that such a motion be pursued within a reasonable period of time.  The motion

> to vacate the dismissal was filed seven months and 22
> days after the dismissal of the case.  It has not been
> pursued within a reasonable period of time.
>
> The dismissal was without prejudice.  Accordingly,
> the debtor can re-file her case.  Of course, 11 U.S.C.
> § 362(c)(3) will apply to a new case filed within one
> year of the dismissal, and will necessitate the prompt
> filing of a motion under § 362(c)(3) in the new case if
> the debtor is to seek to extend the automatic stay.

The debtor did not file a motion under Fed. R. Bankr. P. 9023 to

vacate that order.  More than a year later, the debtor filed her

motion to reopen of August 11, 2016.

II

More than one year has expired since the court dismissed

this case on October 10, 2014.  Accordingly, the debtor is free

to file a new case without being subject to § 362(c)(3) by reason

of this case having been dismissed.  In such a case the debtor

could receive a discharge of not only the debts that existed when

she filed this Case No. 14-00565 but also debts that she incurred

after the filing of this case.  The debtor asserts that:

> Two bankruptcies (for which the first was dismissed
> without discharge of any debt) in two year's time will
> have an adverse impact on my ability not only to borrow
> but also to purchase. . . . and the first bankruptcy
> appears on my credit report though not ending in a
> discharge has the adverse impact of giving notice of
> bankruptcy to potential creditors and others without the
> benefit of disposing any debt.  I state that this factor
> weighs in favor of reopening the existing bankruptcy case
> rather than filing a new bankruptcy case in an excusable
> neglect analysis.

The dismissal of this case, without a discharge being entered,

followed by a new case in which a discharge *is* entered (versus

2

the debtor's obtaining a discharge in this case via the vacating of the order of dismissal almost two years after the case was originally dismissed) would likely have insubstantial negative impact on the debtor, and is not a sufficient justification to excuse the substantial delay in the case's administration that would be occasioned if the case were reopened now.[1]

### III

In any event, reopening would not accomplish anything because the debtor is time-barred from obtaining a vacating of the order of dismissal, and, even if the debtor were not time-barred from seeking such relief, the debtor sets forth no grounds for vacating the order of dismissal.  It would serve no purpose to reopen the case when the debtor would not be able to obtain an order vacating the dismissal order.

### A.

First, if vacating of the dismissal order would be sought based on excusable neglect, a motion under Fed. R. Civ. P. 60(b)(1) (incorporated by Fed. R. Bankr. P. 9024) the motion was required by Rule 60(c)(1) to be filed within one year after entry of the order of dismissal.  It is too late to file a motion

---

[1] Moreover, the debtor notes that "I am currently in payment arrangements with my creditors and have been making payments over the year since the initial bankruptcy as frequently as possible given the nature  of events."  The debtor's ongoing payments of creditors, may have scrambled her affairs in a way that could complicate the administration of the case.

vacate the order of dismissal based on excusable neglect.

To the extent that, upon reopening of the case, the debtor would pursue a motion to vacate the order entered on July 13, 2015, denying her motion to reopen and to vacate the dismissal order, it similarly is too late to file a Rule 60(b)(1) motion based on excusable neglect.  The motion to reopen filed on August 11, 2016, was filed more than a year after the order of July 13, 2015.

The debtor relies also on Fed. R. Bankr. P. 9006(b) in seeking an enlargement of time, but Rule 9006(b)(2) expressly provides that the time for taking action under Rule 9024 may not be enlarged pursuant to Rule 9006(b)(1).

B.

Even if a motion to vacate the dismissal order could be treated as a motion under Fed. R. Civ. P. 60(b)(6), the debtor has not set forth a continuous period of time that prevented her from pursuing, within one year after entry of the order of dismissal, efforts to have the dismissal order set aside. Indeed, on June 1, 2015, the debtor filed a motion (Dkt. No. 24) seeking to reopen the case and to vacate the dismissal.  The court denied that motion by an order entered on July 13, 2015.

The debtor has similarly failed to set forth facts showing Rule 60(b)(6) applies to seek, belatedly, a vacating of the order entered on July 13, 2015.  The debtor failed to take steps until

4

the instant motion was filed on August 11, 2016, to seek to
vacate that order.  Although she was later incarcerated on May
25, 2016 (see Motion at 5 n.8), she does not allege any
incarceration prior to that date that prevented her addressing
the order entered ten months previously on July 13, 2015.

C.

In any event, she does not allege any basis upon which the
court's order of dismissal was in error.  The debtor failed to
obtain prepetition credit counseling as generally required by 11
U.S.C. § 109(h), and does not allege facts showing that she falls
within an exception to that rule.  In the earlier motion filed on
June 1, 2015, the debtor alleged that she was in the process of
finally obtaining credit counseling, but that would not satisfy
the requirement of obtaining *prepetition* credit counseling.

Moreover, even if the debtor could establish reasons why the
order of dismissal ought not have been entered (*e.g.*, if the
debtor could show that 11 U.S.C. § 109(h)(4) excused her from the
requirement of obtaining prepetition credit counseling), the
policy of bankruptcy cases being administered in a relatively
prompt fashion would warrant denying the motion.  The debtor
never filed schedules that were signed under penalty of perjury

5

as required by Fed. R. Bankr. P. 1008.[2]  Therefore, under 11

U.S.C. § 521(i)(1), the case became subject to automatic

dismissal after the passage of 45 days after the commencement of

the case.  Section 521(i)(1) represents a Congressional policy

that ordinarily a case ought not proceed if the debtor fails in a

relatively timely fashion to file the papers necessary to permit

the case's administration to go forward in an orderly fashion.

It would be completely contrary to that policy to have this case

start anew pursuant to a motion filed after the passage of one

year and ten months.  The interests of justice plainly weigh

against vacating the dismissal order at this late date.

V

     In light of the foregoing, it is

     ORDERED that the motion to reopen filed on August 11, 2016

(Dkt. No. 42) is DENIED.

[Signed and dated above.]

Copies to: Debtor.

---

[2]  The debtor filed unsigned Schedules A-I on June 29, 2015,
more than a year after the commencement of this case.  Despite
being warned of the necessity to do so, she never filed a
Schedule J, and never filed a declaration page signing Schedules
A-I under penalty of perjury.  The court struck the defective
Schedules A-I by an order entered on July 9, 2015.